Date: 8/31/2021
Time: 03:04 PM
Page 1 of 1

User: CFILLBACH

**Gallatin County District Court**
Case Register Report
DV-16-2021-0000011-DS
**Murtisiah Taylor vs. Target Corporation**

Filed: 1/5/2021
Subtype: Damages

**Status History**

Open                                        1/5/2021

**Plaintiffs**

Pl. no. 1          Taylor, Murtisiah

**Attorneys**

Rabb, Michael L.                    (Primary attorney)          Send Notices
Corn, Kristen                                                   Send Notices

**Defendants**

Def. no. 1          Target Corporation

**Attorneys**

Lanning, Allen Page                 (Primary attorney)          Send Notices

**Judge History**

| Date | Judge | Reason for Removal |
|------|-------|--------------------|
| 1/5/2021 | Brown, John C. | Current |

**Register of Actions**

| Doc. Seq. | Entered | Filed | Text | Judge |
|-----------|---------|-------|------|-------|
| 1.000 | 01/05/2021 | 01/05/2021 | Plaintiff's Praecipe | Brown, John C. |
| 2.000 | 01/05/2021 | 01/05/2021 | Complaint for Damages | Brown, John C. |
| 3.000 | 01/26/2021 | 01/20/2021 | Summons Returned Served | Brown, John C. |
| 4.000 | 02/04/2021 | 02/03/2021 | Email Filing- Defendant's Answer and Demand for Jury Trial | Brown, John C. |
| 5.000 | 02/05/2021 | 02/05/2021 | Order for Stipulated Scheduling Order | Brown, John C. |
| 6.000 | 03/12/2021 | 03/12/2021 | Stipulated Scheduling Order | Brown, John C. |
| 7.000 | 06/02/2021 | 05/28/2021 | Plaintiff's Lay Witness and Associated Exhibits List | Brown, John C. |
| 8.000 | 08/02/2021 | 07/30/2021 | Email Filing- Unopposed Motion to Amend Stipulated Scheduling Order and Extend Deadlines | Brown, John C. |
| 9.000 | 08/03/2021 | 08/02/2021 | First Amended Scheduling Order | Brown, John C. |
| 10.000 | 08/03/2021 | 08/02/2021 | Original Filing - Defendant's Unopposed Motion to Amend Stipulated Scheduling Order and Extend Deadline | Brown, John C. |
| 11.000 | 08/10/2021 | 08/06/2021 | Defendant Target Corporation's Lay Witness and Exhibit List | Brown, John C. |
| 12.000 | 08/10/2021 | 08/06/2021 | Plaintiff's Request for Statement of Damages | Brown, John C. |
| 13.000 | 08/25/2021 | 08/23/2021 | Email Filing - Plaintiff's Response to Request for Statement of Damages | Brown, John C. |

GALLATIN COUNTY CLERK
OF DISTRICT COURT
SANDY C. HAPP

2021 JAN -5  PM 4: 10

FILED

BY_____ DEPUTY

MONTANA'S EIGHTEENTH JUDICIAL DISTRICT, GALLATIN COUNTY

MURTISIAH TAYLOR, an individual,

        Plaintiff,

    vs.

TARGET CORPORATION, a Minnesota Corporation,
DOES 1-10, and ABC COMPANIES 1-10,

        Defendants.

**CASE NO.**   **▬**–21–11 C

**PRAECIPE**

**TO:  CLERK OF DISTRICT COURT:**

Please issue the attached Summons, file the Complaint for Damages, and return a conformed page 1 of the Complaint along with a receipt for the filing fee of $120.00.

Thank you.

Dated: January 5, 2021

        THE RABB LAW FIRM, PLLC

        Susan Russell
        *Paralegal*

1
2  Michael L. Rabb
   Kristen L. Corn
3  THE RABB LAW FIRM, PLLC
   3950 Valley Commons Drive, Suite 1
4  Bozeman, MT 59718
   Telephone: (406) 404-1747
5  Facsimile: (406) 551-6847
   Email: service@therabblawfirm.com

6  *Attorney for Plaintiff*

7

8        MONTANA'S EIGHTEENTH JUDICIAL DISTRICT, GALLATIN COUNTY

9

10  MURTISIAH TAYLOR, an individual,        CASE NO.  DV-11-21C

11              Plaintiff,                   **COMPLAINT FOR DAMAGES**

12      vs.

13  TARGET CORPORATION, a Minnesota
    Corporation, DOES 1-10, and ABC COMPANIES   **JURY TRIAL DEMANDED**
14  1-10,

15
            Defendants.
16

17        Plaintiff, Murtisiah Taylor, by and through her undersigned counsel, and for her cause of action

18  against Defendant Target Corporation, Does 1-10 and ABC Companies 1-10 (collectively the

19  "Defendants") allege as follows:

20                                   **PARTIES**

21

22        1.      Plaintiff Murtisiah Taylor ("Plaintiff") is a resident of Gallatin County, Montana.

23        2.      Defendant Target Corporation ("Defendant Target") is a Minnesota corporation that, at

24  all times alleged herein, was doing business in Gallatin County, Montana.

25        3.      At the time this Complaint was filed, Plaintiff was ignorant of the true names and

26  capacities of Does 1-10, and ABC Companies 1-10 and, therefore, sues these defendants by such

27  fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously

28

                                          1

2021 JAN -5 PH 4:10

FILED

BY_____ DEPUTY

named defendants is liable or responsible in some manner to Plaintiff for the damages alleged. Plaintiff will amend this Complaint to allege Does 1-10's and ABC Companies 1-10's true names and capacities when the same are ascertained.

4.    Plaintiff is informed and believes, and on that basis alleges, that at all times herein each of the defendants, including the defendants sued as Does 1-10 and ABC Companies 1-10 were acting as the agent, servant, partner, joint venture and/or employee of their co-defendants and were acting within the scope of that authority with the full knowledge, permission, an express or implied consent of each of the remaining defendants.

## JURISDICTION AND VENUE

5.    Plaintiff re-alleges, and incorporates by this reference, each and every allegation in the preceding paragraphs.

6.    All acts and omissions alleged herein occurred in Gallatin County, Montana.

7.    Montana has jurisdiction over the Defendants.

8.    Venue is proper in Gallatin County pursuant to §§25-2-122(1)(b), and 25-2-122(2)(a) MCA.

9.    . This Court has jurisdiction over both the parties and the subject matter of this lawsuit.

## GENERAL ALLEGATIONS

10.    Plaintiff re-alleges, and incorporates by this reference, each and every allegation in the preceding paragraphs.

11.    Plaintiff is informed and believes that Defendants own, occupy and operate the Target store 1237 located at 2550 Catron St., in Bozeman, Montana (the "Target store").

12.    The Target store is a retail store that is open to the public.

13.    On or about November 30, 2019 Plaintiff visited the Target store as a business invitee for purposes of shopping for various household items.

**COMPLAINT FOR DAMAGES**

14.     At approximately 5:50 p.m., on or about November 30, 2020, the Plaintiff exited the store accompanied by two Target employees who were assisting Plaintiff with loading her purchases into a friend's vehicle.

15.     As Plaintiff stepped on to the walkway near the exterior exit and entry to the store, she stepped on an accumulation of ice, slipped, and fell on to her left side, suffering serious and permanent injuries.

16.     Plaintiff was helped up by a Target employee and immediately assisted back into the Target store where she was required to provide information to another Target employee, who filled out an "Incident Report".

17.     At no time did any Target employee ask Plaintiff whether she needed medical treatment or assistance.

18.     Plaintiff was then released by the Defendants to leave the Target store.

## CAUSE OF ACTION I:  NEGLIGENCE
### (§ 27-1-701 MCA)

19.     Plaintiff re-alleges, and incorporates by this reference, each and every allegation in the preceding paragraphs.

20.     Defendants owed a duty to business invitees, including Plaintiff, to exercise ordinary care in their occupation and operation of the Target store by, among other ways:

a.  Keeping the walkways and walking areas, including the entry and exit areas of the Target store, free from hazardous conditions, such as ice and ice accumulation, that could result in harm to its business invitees;

b.  Inspecting walkways and walking areas, including entry and exit areas of the Target store, for hazardous conditions, such as ice and ice accumulation, at reasonable intervals in light of existing weather conditions;

c.  Promptly removing hazardous conditions, such as ice and ice accumulation, which

3

create an unreasonable risk of harm, or to otherwise make the hazardous condition safe;

    d.  Warning or safeguarding against unreasonably dangerous conditions existing at the Target store, such as ice and ice accumulation on walkways and walking areas, including entry and exit areas of the Target store.

21.    Defendants breached their duties to Plaintiff by, among other things, negligently, carelessly and/or recklessly:

    a.  Failing to keep the walkways and walking areas, including the entry and exit areas, free of ice and ice accumulation;

    b.  Failing to undertake necessary measures to discover ice and ice accumulation on the walkways and walking areas, including the entry and exit areas of the Target store;

    c.  Failing to undertake precautionary measures to prevent business invitees, including Plaintiff, from encountering slipping hazards, such as ice and ice accumulation, on walkways and walking areas, including the entry and exit areas of the Target store;

    d.  Failing to warn against the unreasonably hazardous conditions, such as ice and ice accumulation on the walking areas and walkways, including the entry the entry and exit areas of the Target store.

22.    As a direct and proximate result of Defendants' breaches, Plaintiff sustained injuries and damages.

23.    Plaintiff is informed and believes and thereon alleges that Defendants had knowledge of facts, or intentionally disregarded facts, that created a high probability of injury to the Plaintiff and deliberately proceeded to act with indifference of the high probability of injury to the Plaintiff.

24.    Plaintiff's damages are permanent and include, but are not limited to, bodily injuries,

**COMPLAINT FOR DAMAGES**

past and future medical expenses, past and future pain and suffering, mental anxiety, loss of earnings and loss of earning capacity in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth in the Prayer for Relief below.

## CAUSE OF ACTION II: NEGLIENCE - PREMISES LIABILITY

25.   Plaintiff re-alleges, and incorporates by this reference, each and every allegation in the preceding paragraphs.

26.   As a possessor of the premises located at 2550 Catron Street in Bozeman, MT, Defendants had a duty to use ordinary care in maintaining the property in a reasonably safe condition and to warn of hidden or lurking dangers by, among other ways:

a.   Keeping the walkways and walking areas, including the entry and exit areas of the Target store, free from hazardous conditions, such as ice and ice accumulation, that could result in harm to its business invitees;

b.   Inspecting walkways and walking areas, including entry and exit areas of the Target store, for hazardous conditions, such as ice and ice accumulation, at reasonable intervals in light of existing weather conditions;

c.   Promptly removing hazardous conditions, such as ice and ice accumulation, which create an unreasonable risk of harm, or to otherwise make the hazardous condition safe;

d.   Warning or safeguarding against an unreasonably dangerous conditions existing at the Target store, such as ice and ice accumulation on walkways and walking areas, including entry and exit areas of the Target store.

27.   On November 30, 2019, Defendants negligently breached their duties to Plaintiff by, among other ways:

a. Failing to keep the walkways and walking areas, including the entry and exit areas, free of ice and ice accumulation;

b. Failing to undertake necessary measures to discover ice and ice accumulation on the walkways and walking areas, including the entry and exit areas of the Target store;

c. Failing to undertake precautionary measures to prevent business invitees, including Plaintiff, from encountering slipping hazards, such as ice and ice accumulation, on walkways and walking areas, including the entry and exit areas of the Target store;

d. Failing to warn against the unreasonably hazardous conditions, such as ice and ice accumulation on the walking areas and walkways, including the entry the entry and exit areas of the Target store.

28.     Defendants knew or should have known that there was dangerous ice and ice accumulation on the walkway and walking area at the entry/exit areas of the Target store.

29.     It was reasonably foreseeable that, as a result of the negligent and careless maintenance, inspection, and control over the premises, dangerous and unsafe conditions, such as ice and ice accumulation, would occur and cause injury to Defendants' business invitees, including Plaintiff.

30.     As a direct and proximate result of Defendants' breaches Plaintiff sustain injuries and damages.

31.     Plaintiff is informed and believes and thereon alleges that Defendants had knowledge of facts or intentionally disregarded facts that created a high probability of injury to the Plaintiff and deliberately proceeded to act with indifference of the high probability of injury to the Plaintiff.

32.     Plaintiff's damages are permanent and include, but are not limited to, bodily injuries, past and future medical expenses, past and future pain and suffering, mental anxiety, loss of earnings and loss of earning capacity in an amount to be proven at trial.

COMPLAINT FOR DAMAGES

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth in the Prayer for Relief below.

## JURY DEMANDED

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. For judgment against the Defendants and in favor of the Plaintiff;

2. For general damages in a sum to be determined at trial;

3. For compensatory and special damages in a sum to be determined according to proof;

4. For punitive damages;

5. Pre-judgment and post-judgement interest;

6. For reasonable attorney's fees and costs as permitted by law; and

7. Such other relief as this Court deems just and appropriate.

Dated: January 5, 2021

THE RABB LAW FIRM, PLLC

_____

KRISTEN L. CORN
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES

Judge John C. Brown
Department 3

GALLATIN COUNTY CLERK
OF DISTRICT COURT

2021 JAN 20 AM 8: 52

FILED

BY_____DEPUTY

MONTANA'S EIGHTEENTH JUDICIAL DISTRICT, GALLATIN COUNTY

MURTISIAH TAYLOR, an individual,

　　　　　　　　Plaintiff,

vs.

TARGET CORPORATION, a Minnesota Corporation,
DOES 1-10, and ABC COMPANIES 1-10,

　　　　　　　　Defendants.

CASE NO.  DV-11-216   DV-21-11C

SUMMONS—
TARGET CORPORATION

**THE STATE OF MONTANA SENDS GREETINGS TO TARGET CORPORATION:**

**YOU ARE HEREBY SUMMONED** to answer the Complaint for Damages in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiffs' attorney within 21 days after service of this Summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment will be taken against you by default, for the relief demanded in the Complaint for Damages.

GIVEN under my hand this 5th day of January 2021.

　　　　　　　　　　　/SANDY ERHARDT/

　　　　　　　　　　　CLERK OF DISTRICT COURT
　　　　　　　　　　　By: Mai Johnson, Deputy Clerk

3

## AFFIDAVIT OF SERVICE

| Case: DV-11-21C | Court: District | County: Gallatin | Job: 5248233 |
|---|---|---|---|
| Plaintiff / Petitioner: Murtisiah Taylor | | Defendant / Respondent: Target Corporation, et al | |
| Received by: Williams Investigations | | For: The Rabb Law Firm | |
| To be served upon: CT Corporation System, R/A for Target Corporation | | | |

I, Calvin Haines, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein. I declare under penalty of perjury that the foregoing is true and correct. Affidavit signed in Missoula, MT.

**Recipient Name / Address:** CT Corporation System, R/A for Target Corporation, 3011 American Way, Missoula, MT 59808

**Manner of Service:** Registered Agent, Jan 13, 2021, 1:36 pm MST

**Documents:** Summons , Plaintiffs Combined Discovery Requests to Target, Complaint

**Additional Comments:**
1) Successful Attempt: Jan 13, 2021, 1:36 pm MST at Company: 3011 American Way, Missoula, MT 59808 received by CT Corporation System, R/A for Target Corporation . Served Registered Agent, Elyse D'Agrella;

**Fees:** $50.00

_____  01/14/2021

Calvin Haines                Date
14370

Williams Investigations
4185 N Montana Avenue, Suite 4
Helena, MT 59602
406-241-1872

ALLEN P. LANNING
LAW OFFICE OF ALLEN P. LANNING, P.C.
300 Central Avenue, Suite 500
P.O. Box 544
Great Falls, MT  59403-0544
Telephone:  (406) 727-9272
Facsimile:  (406) 761-1406
allenplanninglaw@gmail.com

*Attorneys for Petitioner*

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

| | |
|---|---|
| MURTISIAH TAYLOR, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota Corporation, DOES 1-10, and ABC COMPANIES 1-10,<br><br>        Defendants. | Cause No. DV-11-21C<br><br>**ANSWER AND DEMAND FOR JURY TRIAL** |

Target Corporation ("Target"), through counsel, appears and responds to the

Plaintiff's Complaint as follows:

## FIRST DEFENSE

Target responds to the specific allegations of the Complaint as follows:

1.      Upon information and belief, admits the allegations of paragraph 1.

2.      Admits the allegations of paragraph 2.

3.      Target is without information sufficient to form a belief as to the truth of allegations set forth in paragraph 3 of the Complaint and therefore denies the same.

4.      Target is without information sufficient to form a belief as to the truth of allegations set forth in paragraph 3 of the Complaint and therefore denies the same.

5.      With respect to the allegations of paragraph 5, Target realleges its responses

to the previous paragraphs as though fully set forth herein.

6.    Upon information and belief, admits the allegations of paragraph 6.

7.    As to defendant Target Corporation, admits that this Court has personal jurisdiction over it pursuant to Rule 4(b)(1), M.R.Civ.P., but is without information sufficient to form a belief as to the truth of allegations set forth in paragraph 7 of the Complaint as to other defendants and therefore denies the same.

8.    Admits that venue is proper in the Montana Eighteenth Judicial District Court pursuant to 25-2-122(10)(b) and –(2)(a), M.C.A., but denies any other allegations of paragraph 8.

9.    Admits the allegations of paragraph 9 as to plaintiff and defendant Target Corporation but is without information sufficient to form a belief as to the truth of allegations set forth in paragraph 9 of the Complaint as to other defendants and therefore denies the same.

10.    With respect to the allegations of paragraph 10, Target realleges its responses to the previous paragraphs as though fully set forth herein.

11.    Admits that Target store 1237 located at 2550 Catron Street in Bozeman, Montana, is a Target facility operated and occupied by Target Corporation, but denies the remaining allegations of paragraph 11.

12.    Admits the allegations of paragraph 12.

13.    Admits that on or about November 30, 2019, Plaintiff visited the Target store to shop for, upon information and belief, various household items, but denies the remaining allegations of paragraph 13.

14.    Admits the allegations of paragraph 14, except is without knowledge sufficient to form a belief as to the truth of the allegation as to who owned the vehicle, and therefore denies that portion of paragraph 14.

- 2 -

15.     Admits that plaintiff slipped on an accumulation of ice on the sidewalk between the store entry/exit and the vehicle but denies the remaining allegations of paragraph 15.

16.     Admits the allegations of paragraph 16.

17.     Denies the allegations of paragraph 17.

18.     Admits that after completing an incident report and refusing medical assistance, Plaintiff left the store, but denies the remaining allegations of paragraph 18.

19.     With respect to the allegations of paragraph 19, Target realleges its responses to the previous paragraphs as though fully set forth herein.

20.     Denies the allegations of paragraph 20.

21.     Denies the allegations of paragraph 21.

22.     Denies the allegations of paragraph 22.

23.     Denies the allegations of paragraph 23.

24.     Denies the allegations of paragraph 24.

25.     With respect to the allegations of paragraph 25, Target realleges its responses to the previous paragraphs as though fully set forth herein.

26.     Denies the allegations of paragraph 26.

27.     Denies the allegations of paragraph 27.

28.     Denies the allegations of paragraph 28.

29.     Denies the allegations of paragraph 29.

30.     Denies the allegations of paragraph 30.

31.     Denies the allegations of paragraph 31.

32.     Denies the allegations of paragraph 32.

## SECOND DEFENSE

There is one cause of action for negligence for this claim in Montana, not two

separate actions as alleged by Plaintiff.

## THIRD DEFENSE

Plaintiff's fall and injuries were cause din whole or in part by her own negligence.

## JURY DEMAND

Target demands a Jury Trial on all claims and defenses

Wherefore, Target prays that judgment be entered in its favor, and for its costs of

suit and such other relief as may be just and warranted by law and the circumstances.

DATED this February 3, 2021.

LAW OFFICE OF ALLEN P. LANNING, P.C.

By _____
      ALLEN P. LANNING
      300 Central Avenue, Suite 500
      P.O. Box 2049
      Great Falls, MT  59403-2049
      *Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 3, 2021 a true and correct copy of this

Answer and Jury Demand was served on counsel for the plaintiff by email to

service@therabblawfirm.com and by U.S. Mail to 3950 Valley Commons Drive, Suite 1,

Bozeman, MT 59718.

_____
Allen P. Lanning

*Calendared*

GALLATIN COUNTY CLERK
OF DISTRICT COURT
SANDY ERHARDT

**2021 FEB -5  PH 1: 05**

FILED

BY_____ *hC* ____DEPUTY

## MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

MURTISIAH TAYLOR, an individual,

      Plaintiff,

v.

TARGET CORPORATION, a Minnesota
Corporation, DOES 1-10, and ABC
COMPANIES 1-10,

      Defendants.

Cause No. DV-21-11C

**ORDER FOR STIPULATED
SCHEDULING ORDER**

     IT IS HEREBY ORDERED that, pursuant to Rule 16(b), M.R.Civ.P., within thirty (30) days of the date of this Order, the parties shall file an **agreed upon, proposed Scheduling Order.** The proposed Scheduling Order shall strictly follow the language and format, as well as include all deadlines, set forth in the attached form scheduling order. The parties shall leave the pretrial conference date blank, which will be filled in by the Court. If the parties, after making a good faith effort to resolve their disputes, are unable to reach an agreement on the deadlines, they shall each file a **separate, proposed Scheduling Order.** This Court will then issue a Scheduling Order or set a scheduling conference, at the Court's discretion. The failure to submit an agreed-upon scheduling order may result in the Court issuing a scheduling order *sua sponte*.

     The parties may obtain an electronic version of the form scheduling order by contacting the Court's judicial assistant, Sarah Johnson, at 406-582-2150 or sarah.johnson@mt.gov.

*5*

IT IS SO ORDERED.

DATED this ____5____ day of February, 2021.

_____
JOHN C. BROWN, District Judge

cc:     Michael L. Rabb
        Kristen Corn          } emailed
        Allen P. Lanning        2-5-21

**MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY**

|  |  |
|---|---|
| MURTISIAH TAYLOR, an individual, | Cause No. DV-21-11C |
| Plaintiff, | **ORDER FOR STIPULATED SCHEDULING ORDER** |
| v. | |
| TARGET CORPORATION, a Minnesota Corporation, DOES 1-10, and ABC COMPANIES 1-10, | |
| Defendants. | |

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), M.R.Civ.P., the parties shall comply with the following schedule for the timely and orderly disposition of this matter.

\* \* \* \* \* \* \*

**On or by:**
_____, 201\_\_

File motions to join parties and/or motions to amend pleadings.

**On or by:**
_____, 201\_\_

Exchange and file list of lay witnesses and associated exhibits.

**On or by:**
_____, 201\_\_

Exchange and file list of expert witnesses and associated exhibits together with any Rule 26(b)(4), M.R.Civ.P., disclosures. State the substance of expected expert testimony. Constant supplementation is required.
NOTE: This Court requires simultaneous disclosure of all proposed expert witnesses, together with a comprehensive statement of the proposed expert's opinions/testimony, and a comprehensive statement of grounds/reasons for the expert's opinions/testimony. Failure to comply may result in imposition of sanctions.

**On or by:**
_____, 201\_\_

Exchange and file list of rebuttal expert witnesses and associated exhibits, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under simultaneous expert witness disclosures.

**On or by:**
_____, 201__

Discovery, including depositions, shall be completed. "Completed" means interrogatories, requests for production and requests for admissions shall have been served sufficiently in advance so that required responses are due before this date.

**On or by:**
_____, 201__

File and serve all pretrial motions of every nature, including Motions in Limine and Motions for Summary Judgment. The parties shall comply with the Montana Rules of Civil Procedure and Uniform District Court Rules. Any delay may result in the Court not considering these motions.

LIMITED EXCEPTION FOR MOTIONS IN LIMINE FILED AFTER PRETRIAL MOTIONS DEADLINE: The Court may consider Motions in Limine that legitimately arise after the motions deadline if filed at least fourteen (14) days before the trial, so that the other party has an opportunity to respond. Thereafter, Motions in Limine will only be considered upon a showing of good cause and with leave of court.

**MOTIONS FILED ON THE EVE OF TRIAL ARE STRONGLY DISCOURAGED AND WILL NOT BE CONSIDERED UNLESS JUSTICE REQUIRES.**

**On or by:**
_____, 201_

The parties shall schedule and participate in a mediation with a mutually agreed upon mediator. Each party shall have a person with ultimate settlement authority attend the mediation **in person** and participate in the mediation in good faith. Following the mediation the parties shall ensure that the mediator files a report advising the Court of the outcome of the mediation.

If the parties fail to convene a mediation or fail to have the mediator file the report prior to pretrial conference they will not receive a trial date and the pretrial conference will be rescheduled. Willful failure of a party to attend the mediation may result in the Court entering that party's default.

The attorneys who will be trying the case shall appear **in person** at the PRETRIAL CONFERENCE set for **Tuesday,** _____**, at** _____ **p.m.**

**If the attorneys present a signed Pretrial Order to the Court and there are no conflicts or disagreements about the terms of the Order, an attorney may appear by telephone upon motion and signed Order of the Court.**

Prior to the Pretrial Conference:

Plaintiff's counsel shall convene a meeting of all parties, sufficiently in advance of the Pretrial Conference, to draft a Pretrial Order. The proposed Pretrial Order shall be presented at the Pretrial Conference. In the event of a dispute regarding the contents of the Order, the parties shall present a draft pretrial order and such dispute shall be discussed at the Pretrial Conference and ultimately resolved by the Court. **Counsel shall prepare the consolidated pretrial order in compliance with Rule 5 Uniform District Court Rules.**

In addition, the parties shall prepare a comprehensive list of their respective pending motions.

If the parties fail to submit a proposed Pretrial Order they **will not receive a trial date**, and the pretrial conference will be rescheduled.

**This Scheduling Order shall not be modified except by leave of the Court upon a showing of good cause. Any requests for extension must be in writing, clearly advising the Court about opposing counsel's position on the request. Failure to comply with the Scheduling Order may result in sanctions, including denial of requests for extension.**

_____
Plaintiff's Attorney

_____
Defendant's Attorney

_____
_____'s Attorney

_____
_____'s Attorney

Dated this _____ day of _____, 2018.

_____
JOHN C. BROWN, District Court Judge

cc:

*Calendared*

GALLATIN COUNTY CLERK
OF DISTRICT COURT
SANDY ERHARDT

2021 MAR 12 PM 1: 05

FILED

## MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

BY _____ AND _____ DEPUTY

|  |  |
|---|---|
| MURTISIAH TAYLOR, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota Corporation, DOES 1-10, and ABC COMPANIES 1-10,<br><br>Defendants. | Cause No. DV-21-11C<br><br>**STIPULATED SCHEDULING ORDER** |

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), M.R.Civ.P., the parties shall comply with the following schedule for the timely and orderly disposition of this matter.

\* \* \* \* \* \* \*

**On or by:**
April 30, 2021

File motions to join parties and/or motions to amend pleadings.

**On or by:**
May 30, 2021

Exchange and file list of lay witnesses and associated exhibits.

**On or by:**
July 30, 2021

Exchange and file list of expert witnesses and associated exhibits together with any Rule 26(b)(4), M.R.Civ.P., disclosures. State the substance of expected expert testimony. Constant supplementation is required.
Note: This Court requires simultaneous disclosure of all proposed expert witnesses, together with a comprehensive statement of grounds/reasons for the expert's opinions/testimony. Failure to comply may result in the imposition of sanctions.

**On or by:**
August 30, 2021

Exchange and file list of rebuttal expert witnesses and associated exhibits, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under simultaneous expert witness

disclosures.

**On or by:**
September 30, 2021

Discovery, including depositions, shall be completed. "Completed" means interrogatories, requests for production and requests for admissions shall have been served sufficiently in advance so that required responses are due before this date.

**On or by:**
October 30, 2021

File and serve all pretrial motions of every nature, including Motion in Limine and Motions for Summary Judgment. The parties shall comply with the Montana Rules of Civil Procedure and Uniform District Court Rules. Any delay may result in the Court not considering these motions.

LIMITED EXCEPTION FOR MOTIONS IN LIMINE FILED AFTER PRETRIAL MOTIONS DEADLINE: The Court may consider Motions in Limine that legitimately arise after the motions deadline if filed at least fourteen (14) days before the trial, so that the other party has an opportunity to respond. Thereafter, Motions in Limine will only be considered upon a showing of good cause and with leave of court.

**MOTIONS FILED ON THE EVE OF TRIAL ARE STRONGLY DISCOURAGED AND WILL NOT BE CONSIDERED UNLESS JUSTICE REQUIRES.**

**On or by:**
November 29, 2021

The parties shall schedule and participate in a mediation with a mutually agreed upon mediator. Each party shall have a person with ultimate settlement authority attend the mediation **in person** and participate in the mediation in good faith. Following the mediation the parties shall ensure that the mediator files a report advising the Court of the outcome of the mediation.

If the parties fail to convene a mediation or fail to have the mediator file the report prior to pretrial conference they will not receive a trial date and the pretrial conference will be rescheduled. Willful failure of a party to attend the mediation may result in the Court entering that party's default.

The attorneys who will be trying the case shall appear **in person** at the PRETRIAL CONFERENCE set for **Tuesday,** January 11, 2022 **, at** 2:00 **p.m.**

2

If the attorneys present a signed Pretrial Order to the Court and there are no conflicts or disagreements about the term of the Order, an attorney may appear by telephone upon motion and signed Order of the Court.

Prior to the Pretrial Conference:

Plaintiff's counsel shall convene a meeting of all parties, sufficiently in advance of the Pretrial Conference, to draft a Pretrial Order. The proposed Pretrial Order shall be presented at the Pretrial Conference. In the event of a dispute regarding the contents of the Order, the parties shall present a draft pretrial order and such dispute shall be discussed at the Pretrial Conference and ultimately resolved by the Court. **Counsel shall prepare the consolidated pretrial order in compliance with Rule 5 Uniform District Court Rules.**

In addition, the parties shall prepare a comprehensive list of their respective pending motions.

If the parties fail to submit a proposed Pretrial Order they **will not receive a trial date,** and the pretrial conference will be rescheduled.

**This Scheduling Order shall not be modified except by leave of the Court upon a showing of good cause. Any requests for extension must be in writing, clearly advising the Court about opposing counsel's position on the request. Failure to comply with the Scheduling Order may result in sanction, including denial of requests for extension.**

_____
Plaintiff's Attorney

DATED this ⟨2⟩ day of March, 2021.

_____
Defendant's Attorney

_____
JOHN C. BROWN, District Court Judge

cc:   - Kristen Corn & Michael Rabb
      - Allen P. Lanning          > emailed 3/12/21

3

Michael L. Rabb (# 13734)
Kristen L. Corn (#64623324)
THE RABB LAW FIRM, PLLC
3950 Valley Commons Drive, Suite 1
Bozeman, MT 59718
Telephone: (406) 404-1747
Facsimile: (406) 551-6847
Email: service@therabblawfirm.com

*Attorneys for Plaintiff*

## MONTANA'S EIGHTEENTH JUDICIAL DISTRICT, GALLATIN COUNTY

| | |
|---|---|
| MURTISIAH TAYLOR, an individual, | **CASE NO. DV-21-11C** |
| Plaintiff, | **PLAINTIFF'S LAY WITNESS AND ASSOCIATED EXHIBITS LIST** |
| vs. | |
| TARGET CORPORATION, a Minnesota Corporation, DOES 1-10, and ABC COMPANIES 1-10, | |
| Defendants. | |

Plaintiff Murtisiah Taylor ("Plaintiff"), by and through undersigned counsel, and, pursuant to the Court's Stipulated Scheduling Order issued on March 12, 2021, submits the following list of lay witnesses and associated exhibits:

### WITNESSES

Plaintiff may call any or all of the following individuals as lay witnesses at the trial in this matter:

1. Murtisiah Taylor;

2. Victoria Rosetti;

1

**PLAINTIFF'S LAY WITNESS AND ASSOCIATED EXHIBITS LIST**

3.   Josh Norris;

4.   Julie Gasnar;

5.   Madhusudhan Yedduladoddi;

6.   Wendy Edwards;

7.   Matthew Lloyd;

8.   Brian Dearth;

9.   Daniel Yauk;

10. Dillon Finch;

11. Any witness listed by Defendant or any other Party to this matter;

12. Witnesses identified during the ongoing discovery in this matter;

13. Witnesses identified during depositions held in this matter;

14. Witnesses to be used for impeachment purposes;

15. Witnesses to be used for foundational purposes; and

16. Witnesses necessary for rebuttal purposes.

Plaintiff hereby acknowledges and affirms the ongoing duty to supplement this lay witness list as needed under the Montana Rules of Civil Procedure.

## EXHIBITS

Plaintiff may submit any or all of the follow exhibits at the trial in this matter:

1.   Target Incident Reports;

2.   Target Investigation Reports;

3.   Target Photo Collection Form and Checklist;

4.   Target Witness Reports;

5.   Transcript of recorded statement of Plaintiff;

6.   Target video depicting Plaintiff's fall at Bozeman store;

2

**PLAINTIFF'S LAY WITNESS AND ASSOCIATED EXHIBITS LIST**

7. Correspondence between Plaintiff and Target;

8. Medical records of Plaintiff for injuries sustained;

9. Medical bills of Plaintiff for charges incurred;

10. All exhibits listed by Defendant or any other Party to this matter;

11. Any and all documents produced by any Party to this matter during formal or informal discovery;

12. Any and all documents produced in response to subpoenas served in this matter;

13. Any and all documents reviewed, used, or relied on by any expert witness retained or consulted by any Party to this matter; and

14. Any and all documents necessary for impeachment or rebuttal.

Plaintiff hereby acknowledges and affirms the ongoing duty to supplement this lay witness associated exhibit list as needed under the Montana Rules of Civil Procedure.

Dated: May 28, 2021

THE RABB LAW FIRM, PLLC

MICHAEL L. RABB
*Attorney for Plaintiff*

3

**PLAINTIFF'S LAY WITNESS AND ASSOCIATED EXHIBITS LIST**

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on this 28th day of May, 2021 a true and correct copy of the foregoing

3

document was sent to the following individual(s), at the address(es), and in the manner(s) indicated:

4

Allen P. Lanning                                    X   First-class mail, postage prepaid

5

300 Central Avenue, Suite 500                ☐   FedEx

P.O. Box 544                                         ☐   Hand delivery

6

Great Falls, MT 59403-0544                    ☐   Via fax: _____

*Attorney for Plaintiff*                              ☐   Via email *(courtesy copy)*

7

8

9

10

By:    *Susan Russell*

11

Susan Russell, Litigation Paralegal

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**PLAINTIFF'S LAY WITNESS AND ASSOCIATED EXHIBITS LIST**

Chambers' Copy  ○
Petitioner's Copy  ○
Father's Copy  ●
File Copy  ○

Helge Naber
Montana Bar Id. 7059
NABER PC
600 Central Avenue Suite 425
Great Falls Montana 59401
T 406 452 3100
F 406 452 6599
E helge.naber@naberpc.com
**ATTORNEY FOR MOTHER**

## MONTANA EIGHTH JUDICIAL DISTRICT COURT FOR CASCADE COUNTY

|  | * |  |  |
|---|---|---|---|
| In re   Nova Gopher | * | Cause No. | ddn-21-040 |
| -Youth - | * |  |  |
|  | * |  |  |

### MOTION IN LIMINE & MEMORANDUM IN SUPPORT

Mother Babe Gopher ("Babe"), by and through appointed counsel, hereby respectfully moves the Court to predetermine the evidence admissible to prove or disprove the allegations contained in Petitioner's Petition for Temporary Emergency Protective Services & Adjudication dated , and presents and reasons as follows:

### SCOPE OF EXCLUSION

**A.** Babe seeks to exclude Petitioner from introduction, admission, and consideration of any evidence tending to prove or disprove that

"Babe saw Dr. Bryant and stopped drinking during pregnancy […]. Babe was at the ER on 3/3/21 and completed a biopsychic analysis. Results of that did not warrant admittance to the hospital. A chemical dependency evaluation was also completed, and results concluded that Babe needed intensive out-patient (IOP) treatment to address her alcohol addiction. Benefis Hospital offered her the IOP services, however, Babe denied wanting the IOP services against medical recommendation." See Affidavit in Support of Temporary Investigative Authority [CPS T Giordano] ddn-21-040 executed 8 Mar 21.

**B.** Babe further seeks to exclude Petitioner from introduction, admission, and consideration of any evidence tending to prove or disprove that

"Babe confided that she had one-time left N.G. home without a caregiver but quickly remembered her and returned home. Babe also states to the reporter that she is drinking every day and will drink up to 1 liter of vodka every two days. Babe described her drinking pattern to the reporter as heavily drinking for 3 days; then has hangover days and 1 sober day, the begins drinking again. […] Babe reported to the reporter that she is struggling with post-partum depression." See id.

### ARGUMENT IN FURTHERANCE

### I. All Evidence Derived From Babe's Medical Treatment on 3 Mar 2021 Should Be Excluded Because Such Information Is And Remains Privileged.

**1.** A licensed physician, surgeon, or dentist may not, without the consent of the patient, be examined in a civil action as to any information acquired in attending the patient that was necessary to enable the physician, surgeon, or dentist to prescribe or

ALLEN P. LANNING
LAW OFFICE OF ALLEN P. LANNING, PC
300 CENTRAL AVENUE, SUITE 500
PO BOX 544
GREAT FALLS, MT 59403-0544
Phone: 406-727-9272
Email: allenplanninglaw@gmail.com

Attorneys for Target Corporation

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

| | |
|---|---|
| MURTISIAH TAYLOR,<br>PLAINTIFF,<br><br>VS.<br><br>TARGET CORPORATION, A MINNESOTA<br>CORPORATION,<br>DOES 1-10, AND ABC COMPANIES 1-<br>10,<br>DEFENDANTS. | CAUSE NO.<br><br>DV-11-21C<br><br>**UNOPPOSED MOTION TO<br>AMEND STIPULATED SCHEDULING<br>ORDER AND EXTEND DEADLINES** |

COMES NOW Allen P. Lanning, counsel for Target Corporation, and moves the Court to extend the expert and rebuttal expert disclosure deadlines by six weeks to allow for additional time to review medical discovery.

Counsel has contacted opposing counsel and represents that opposing counsel does not object to the extension.

DATED July 30, 2021.

LAW OFFICE OF ALLEN P. LANNING, PC

By _____

ALLEN P. LANNING
Attorneys for Target Corporation


# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the July 30, 2021 , a copy of the foregoing **Unopposed Motion to Amend Stipulated Scheduling Order and Extend Deadlines** was served upon the attorneys named below at the address or facsimile number indicated below, by U.S. Mail, Hand-Delivery, Email, or Facsimile transmission, as indicated below.

Michael L. Rabb
Kristen L. Corn
The Rabb Law Firm, PLLC
3950 Valley Commons Drive, Suite 1
Bozeman, MT 59718

_____

ALLEN P. LANNING

GALLATIN COUNTY CLERK
OF DISTRICT COURT
SANDY ERHARDT

2021 AUG -2 PM 4: 25

FILED

BY_____DEPUTY

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

| | |
|---|---|
| MURTISIAH TAYLOR, an individual,<br>PLAINTIFF,<br><br>VS.<br><br>TARGET CORPORATION, A MINNESOTA<br>CORPORATION,<br>DOES 1-10, AND ABC COMPANIES 1-10,<br>DEFENDANTS. | Cause No.<br>DV-21-11C<br>~~DV-11-21C~~<br><br>**FIRST AMENDED<br>SCHEDULING ORDER** |

IT IS HEREBY ORDERED that the stipulated scheduling order is amended as follows:

**On or by:**
September 10, 2021

Exchange and file list of expert witnesses and associated exhibits together with any Rule 26(b)(4), M.R.Civ.P., disclosures. State the substance of expected expert testimony. Constant supplementation is required.
Note: This Court requires <u>simultaneous</u> disclosure of all proposed expert witnesses, together with a <u>comprehensive</u> statement of grounds/reasons for the expert's opinions/testimony. Failure to comply may result in the imposition of sanctions.

**On or by:**
October 11, 2021

Exchange and file list of rebuttal expert witnesses and associated exhibits, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under simultaneous expert witness disclosures.

- 1 -

**On or by:**
September 30, 2021

Discovery, including depositions, shall be completed. "Completed" means interrogatories, requests for production and requests for admissions shall have been served sufficiently in advance so that required responses are due before this date.

**On or by:**
October 30, 2021

File and serve all pretrial motions of every nature, including Motion in Limine and Motions for Summary Judgment. The parties shall comply with the Montana Rules of Civil Procedure and Uniform District Court Rules. Any delay may result in the Court not considering these motions.

LIMITED EXCEPTION FOR MOTIONS IN LIMINE FILED AFTER PRETRIAL MOTIONS DEADLINE: The Court may consider Motions in Limine that legitimately arise after the motions deadline if filed at least fourteen (14) days before the trial, so that the other party has an opportunity to respond. Thereafter, Motions in Limine will only be considered upon a showing of good cause and with leave of court.

**MOTIONS FILED ON THE EVE OF TRIAL ARE STRONGLY DISCOURAGED AND WILL NOT BE CONSIDERED UNLESS JUSTICE REQUIRES.**

**On or by:**
November 29, 2021

The parties shall schedule and participate in a mediation with a mutually agreed upon mediator. Each party shall have a person with ultimate settlement authority attend the mediation in person and participate in the mediation in good faith. Following the mediation the parties shall ensure that the mediator files a report advising the Court of the outcome of the mediation.

If the parties fail to convene a mediation or fail to have the mediator file the report prior to pretrial conference they will not receive a trial date and the pretrial conference will be rescheduled. Willful failure of a party to attend the mediation may result in the Court entering that party's default.

The attorneys who will be trying the case shall appear **in person** at the PRETRIAL CONFERENCE set for **Tuesday, January 11, 2022, at 2:00 p.m.**

- 2 -

If the attorneys present a signed Pretrial Order to the Court and there are no conflicts or disagreements about the term of the Order, an attorney may appear by telephone upon motion and signed Order of the Court.

Prior to the Pretrial Conference:

Plaintiff's counsel shall convene a meeting of all parties, sufficiently in advance of the Pretrial Conference, to draft a Pretrial Order. The proposed Pretrial Order shall be presented at the Pretrial Conference. In the event of a dispute regarding the contents of the Order, the parties shall present a draft pretrial order and such dispute shall be discussed at the Pretrial Conference and ultimately resolved by the Court. **Counsel shall prepare the consolidated pretrial order in compliance with Rule 5 Uniform District Court Rules.**

In addition, the parties shall prepare a comprehensive list of their respective pending motions.

If the parties fail to submit a proposed Pretrial Order they **will not receive a trial date,** and the pretrial conference will be rescheduled.

**This Scheduling Order shall not be modified except by leave of the Court upon a showing of good cause. Any requests for extension must be in writing, clearly advising the Court about opposing counsel's position on the request. Failure to comply with the Scheduling Order may result in sanction, including denial of requests for extension.**

DATED this __2__ day of ~~July~~ Aug, 2021.

_____
JOHN C. BROWN, District Court Judge

cc:   Kristen Corn & Michael Rabb ✓   } emailed 8/3/21 - SD
      Allen P. Lanning ✓

- 3 -

ALLEN P. LANNING
LAW OFFICE OF ALLEN P. LANNING, PC
300 CENTRAL AVENUE, SUITE 500
PO BOX 544
GREAT FALLS, MT 59403-0544
Phone: 406-727-9272
Email: allenplanninglaw@gmail.com

Attorneys for Target Corporation

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

| | |
|---|---|
| | CAUSE NO. |
| MURTISIAH TAYLOR,<br>PLAINTIFF, | DV-11-21C |
| VS. | **UNOPPOSED MOTION TO AMEND STIPULATED SCHEDULING ORDER AND EXTEND DEADLINES** |
| TARGET CORPORATION, A MINNESOTA CORPORATION,<br>DOES 1-10, AND ABC COMPANIES 1-10,<br>DEFENDANTS. | |

COMES NOW Allen P. Lanning, counsel for Target Corporation, and moves the Court to extend the expert and rebuttal expert disclosure deadlines by six weeks to allow for additional time to review medical discovery.

Counsel has contacted opposing counsel and represents that opposing counsel does not object to the extension.

DATED July 30, 2021.

LAW OFFICE OF ALLEN P. LANNING, PC

By _____
ALLEN P. LANNING
Attorneys for Target Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the July 30, 2021 , a copy of the foregoing **Unopposed Motion to Amend Stipulated Scheduling Order and Extend Deadlines** was served upon the attorneys named below at the address or facsimile number indicated below, by U.S. Mail, Hand-Delivery, Email, or Facsimile transmission, as indicated below.

Michael L. Rabb
Kristen L. Corn
The Rabb Law Firm, PLLC
3950 Valley Commons Drive, Suite 1
Bozeman, MT 59718

_____
ALLEN P. LANNING

- 2 -

ALLEN P. LANNING
LAW OFFICE OF ALLEN P. LANNING, PC
300 CENTRAL AVENUE, SUITE 500
PO BOX 544
GREAT FALLS, MT 59403-0544
Phone: 406-727-9272
Email: allenplanninglaw@gmail.com

Attorneys for Target Corporation


MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

| | |
|---|---|
| MURTISIAH TAYLOR,<br>P, | CAUSE NO. DV-11-21C |
| VS.<br><br>TARGET CORPORATION, A MINNESOTA CORPORATION,<br>DOES 1-10, AND ABC COMPANIES 1-10,<br>DEFENDANTS. | **DEFENDANT TARGET CORPORATION'S LAY WITNESS AND EXHIBIT LIST** |

COMES NOW Allen P. Lanning, counsel for Target Corporation, and pursuant to the Court's Stipulated Scheduling order issued on March 12, 2021, submits the following list of lay witnesses and associated exhibits.

**LAY WITNESSES:**

1.    Murtisiah Taylor.

2.    Brian Dearth.

3.    Dillon Finch.

4.    Daniel Yauk.

5.    Monica Payne.

6.    Matthew Lloyd.

7.      Plaintiff's health care providers.

8.      Any witness listed by Plaintiff.

9.      Witnessed identified during the ongoing discovery and investigation of this matter.

10.     Impeachment Witnesses.

11.     Rebuttal witnesses.

12.     Foundation witnesses.

Target acknowledges and affirms the ongoing duty to supplement this lay witness list as needed under the Montana Rules of Civil Procedure.

**EXHIBITS:**

1.      Target Guest Incident Report.

2.      Target Team Member Witness Statements.

3.      Target LOD Investigation Report.

4.      Target Electronic Incident Report.

5.      Target post-accident investigation photos.

6.      Relevant video from the date of the incident.

7.      Plaintiff's relevant medical records.

8.      Plaintiff's relevant medical bills.

9.      Any exhibits listed by Plaintiff.

10.     Any relevant documents produced in discovery or identified in investigation.

11.     Impeachment exhibits.

12.     Rebuttal exhibits.

13.     Demonstrative exhibits.

Target acknowledges and affirms the ongoing duty to supplement this exhibit list as needed

under the Montana Rules of Civil Procedure.

DATED May 28, 2021.

LAW OFFICE OF ALLEN P. LANNING, PC

By _____
ALLEN P. LANNING
Attorneys for Target Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the August 4, 2021 , a copy of the foregoing **DEFENDANT TARGET CORPORATION'S LAY WITNESS AND EXHIBIT LIST** was served upon the attorneys named below at the address or facsimile number indicated below, by U.S. Mail and courtesy email.

Michael L. Rabb
Kristen L. Corn
The Rabb Law Firm, PLLC
3950 Valley Commons Drive, Suite 1
Bozeman, MT 59718

_____
ALLEN P. LANNING

ALLEN P. LANNING
LAW OFFICE OF ALLEN P. LANNING, PC
300 CENTRAL AVENUE, SUITE 500
PO BOX 544
GREAT FALLS, MT 59403-0544
Phone: 406-727-9272
Email: allenplanninglaw@gmail.com

Attorneys for Target Corporation

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

| | |
|---|---|
| MURTISIAH TAYLOR,<br>PLAINTIFF,<br><br>VS.<br><br>TARGET CORPORATION, A MINNESOTA CORPORATION,<br>DOES 1-10, AND ABC COMPANIES 1-10,<br>DEFENDANTS. | CAUSE NO.<br><br>DV-11-21C<br><br>**REQUEST FOR STATEMENT OF DAMAGES** |

COMES NOW Allen P. Lanning, counsel for Target Corporation, and requests that Plaintiff provide a statement of damages setting forth the nature and amount of damages being sought within 15 days pursuant to 25-4-312, M.C.A.

DATED August 4, 2021.

LAW OFFICE OF ALLEN P. LANNING, PC

By _____
ALLEN P. LANNING
Attorneys for Target Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the August 4, 2021 , a copy of the foregoing **REQUEST FOR STATEMENT OF DAMAGES** was served upon the attorneys named below at the address or facsimile number indicated below, by U.S. Mail and courtesy email.

Michael L. Rabb
Kristen L. Corn
The Rabb Law Firm, PLLC
3950 Valley Commons Drive, Suite 1
Bozeman, MT 59718

ALLEN P. LANNING

Kristen L. Corn (#64623324)
Michael L. Rabb (#13734)
THE RABB LAW FIRM, PLLC
3950 Valley Commons Drive, Suite 1
Bozeman, MT 59718
Telephone: (406) 404-1747
Facsimile: (406) 551-6847
Email: service@therabblawfirm.com

*Attorneys for Plaintiff*

MONTANA'S EIGHTEENTH JUDICIAL DISTRICT, GALLATIN COUNTY

| | |
|---|---|
| MURTISIAH TAYLOR, an individual, | **CASE NO. DV-21-11C** |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE TO REQUEST FOR STATEMENT OF DAMAGES** |
| TARGET CORPORATION, a Minnesota Corporation, DOES 1-10, and ABC COMPANIES 1-10, | |
| Defendants. | |

Pursuant to § 25-4-312, MCA, Plaintiff Murtisiah Taylor ("Plaintiff"), by and through undersigned counsel, provides the following response to Defendant's Request for Statement of Damages sought in this action:

Plaintiff's expert opinions are not yet due.  As such, these numbers are premised on an assumption that future treatment will be necessary. Plaintiff reserves the right to amend this statement as expert information is disclosed.

### General Damages

- General damages, including pain and suffering, in an amount to be proven at trial, but no less than $100,000.00.

### Special Damages

- Past Medical Expenses in an amount to be proven at trial, but no less than $9,000.00.

1

1    • Future medical expenses in an amount to be proven at trial.

2    • Such other and further relief as the court deems just.

3

4    Dated: August 23, 2021                         THE RABB LAW FIRM, PLLC

5

6                                                   KRISTEN L. CORN
7                                                   *Attorney for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PLAINTIFF'S RESPONSE TO REQUEST FOR STATEMENT OF DAMAGES

1

2

## **CERTIFICATE OF SERVICE**

3        I hereby certify that on this 23rd day of August 2021 a true and correct copy of the foregoing document was duly served upon the following individual(s), at the address, and in the manner, indicated.

4

5    Allen P. Lanning                          X    First-class mail, postage prepaid
     300 Central Avenue, Suite 500            □    FedEx
     P.O. Box 544                             □    Hand delivery
6    Great Falls, MT 59403-0544               □    Via fax: _____
     *Attorney for Plaintiff*                 □    Via email *(courtesy copy)*

7

8

9
                              By:    Susan Russell
10                                   Susan Russell, Litigation Paralegal

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSE TO REQUEST FOR STATEMENT OF DAMAGES